Fremont-Smith, J.
1. Defendant’s Motion for J.N.O.V.
Defendant’s first contention is that the jury’s award of $2,166.98 in punitive damages (Jury Verdict, Question #10B) is inconsistent with its finding that defendant did not make out a claim for harassment because she was not a “qualified handicapped person.” (Jury Verdict, Question #6.) As decided in Labonte v. Hutchins & Wheeler, 424 Mass. 813, 821 (1997), “[t]o establish the prima facie case of unlawful employment discrimination on the basis of handicap pursuant to G.L.c. 151B, a plaintiff who has been terminated from employment must show that: (1) he suffers from a handicap; (2) he is a ‘qualified handicapped person’; and (3) he was fired solely because of his handicap.” As the plaintiff was found to have been subjected to harassment because of her handicap, but that, at the time she was subjected to such harassment, she was not a “qualified handicap person," there was no violation of the statute in that regard and defendant is correct that no punitive damages can be awarded for the harassment. Accordingly, as to that portion of the verdict, J.N.O.V. is allowed.
Defendant next urges that the finding of the jury in favor of plaintiff, that “defendant coerced, intimidated, threatened or interfered with her as a result of her attempts to obtain a reasonable accommodation for her disabilities” (Jury Verdict, Question #8), and the amount awarded to her for emotional distress therefrom (Jury Question, #9) and for punitive damages arising out of such coercion or intimidation (Jury Verdict, question, # A. 10.C), must be set aside because she did not file any complaint for discrimination with any agency or court. Because no decided case expands liability for retaliation against an employee to one who merely demanded favorable treatment because of a handicap, but filed no c. 15 IB, §4(4) claim, defendant urges that the verdict can not stand. Although the parameters of what can constitute a §4(4) claim are indeed unclear, and although there was no evidence of retaliation for her filing any formal agency or court complaint, the Court concludes that the evidence here permitted the jury to find a violation of §4(4). In Bain v. City of Springfield, 424 Mass. 758 (1997), no formal complaint had been filed with any agency or court, but the employee had made a clear and unequivocal written complaint of discrimination to the employer by writing a letter to the employer complaining she had been discriminated against and was “making a claim of discrimination based on her sex” to which she “expected an answer within 10 days.” The Mayor responded by saying to his aides they should “get rid of her” and by having her reprimanded. In concluding that the Mayor’s order to his subordinate to “get rid of her” and the subordinate’s subsequent reprimand of plaintiff following her complaint letter to the Mayor was sufficient to support a jury finding of retaliation, the Supreme Judicial Court pointed out that §4(4A), which makes it unlawful “for any person to coerce, intimidate, threaten or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter," is broader than the analogous federal statute, which *122 limits a claim for retaliation to adverse job action taken as a result of the employee having “made a charge, testified, assisted or participated in enforcement under the statute.” The Court also decided, in Bain, that an award of punitive damages for retaliation was proper even where there had been no recovery for compensatory damages because the jury found no discrimination. Id., 767. In the case at bar, the jury could find on the evidence that plaintiffs union representative had complained to defendant about its failure to accommodate her handicap, that, as a result, a written disciplinary admonition was drafted and communicated to plaintiffs union representative, who communicated it to her, and that, as a further result, one of plaintiffs supervisors became hostile and made life miserable for her. Although there was evidence that other reasons may have also existed for the disciplinary admonition and supervisory hostility,[1] the Court concludes that the evidence here was sufficient to support the jury’s finding of a §4(4) violation and for its award of damages, compensatory and punitive, as a result thereof. Accordingly, this portion of defendant’s motion for J.N.O.V. is denied.
Plaintiffs motion for additur or, in the alternative, a new trial on the issue of damages.
Plaintiff seeks an additur on the ground that the total award to the plaintiff of $8,667.92, of which $4,333.96 was for emotional distress and a similar amount for punitive damages, was unreasonably inadequate to compensate for the emotional distress sustained by the plaintiff and, as for the punitive damages, to serve as a deterrent or a punishment for defendant’s unlawful conduct. The Court, however, will deny this motion.
The jury was free to consider not only the defendant’s harassment and retaliation for plaintiffs persistence in seeking accommodation for her handicaps, but also that the nature of plaintiffs alleged handicaps rendered her unable to perform virtually all of the essential functions of her job. The jury was also entitled to consider testimony to the effect that plaintiff had become antagonistic and belligerent (on one occasion, at least, having yelled at a co-worker in ethnically derogatory terms) which the jury could have considered to have been at least one of the reasons for the adverse job actions and hostility she encountered. It was also entitled to consider the fact that it found her not to have been terminated, even constructively, but to have left her employment of her own accord. It could also properly consider the dire financial condition of the company. See: Labonte, supra, at 827 (discussing standards to be considered in determining punitive damages). For each of the above reasons, the motion for additur is DENIED.
Petition for attorneys fees
Based upon the affidavit of plaintiffs counsel, the Court concludes that the number of hours expended was reasonable and at a reasonable hourly rate. Although the award was not large ($6,500.94 after allowance of J.N.O.V.), plaintiff did prevail on much of her case, and the purpose of the statute, i.e. to redress and deter unlawful handicap discrimination, was implemented by the jury’s vindication of her factual and legal position. Accordingly, the Court finds that the requested award of attorneys’ fees of $29,950, and the requested award of costs of $ 1,098.86 are reasonable, and hereby awards said attorneys’ fees and costs to the plaintiff.[2]
ORDER FOR JUDGMENT
Accordingly, it ordered that judgment shall issue in favor of the plaintiff in the sum of $6,500.94 in damages, $29,950 in attorneys’ fees and $1,098.86 in costs, for a total judgment of $37,549.80, plus interest.

 There was evidence that the disciplinary admonition, which was never executed by defendant and never placed in plaintiffs file, may have resulted, at least in part, from plaintiffs engaging in racial name-calling with a black supervisor.

 The award is to the plaintiff. The amount of the fee to be paid to plaintiffs counsel is, of course, to be determined by the terms of the private fee agreement between plaintiff and her counsel.